IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARRY LEE, *

    Plaintiff,

*

v.                                CIVIL ACTION No. JFM-16-3017

*

MICHELL B. MITCHELL,

*

    Defendant.

\*\*\*\*\*\*

## MEMORANDUM

On August 30, 2016, the court received plaintiff's complaint. Plaintiff a state inmate confined at the Roxbury Correctional Institution in Hagerstown, Maryland alleged that he received ineffective assistance of counsel from his privately retained attorney, defendant Michell B. Mitchell, during his state criminal proceedings. ECF 1. Plaintiff seeks unspecified compensatory damages. *Id.*, p. 3. Plaintiff also filed a motion for leave to proceed in forma pauperis. ECF 2. The motion shall be granted. Upon review of the instant action, the court concludes that it shall be dismissed. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 953 (4th Cir. 1995).

Two elements are essential to sustain an action under 42 U.S.C. § 1983. Specifically, plaintiff must demonstrate that: (1) he suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Because there is no allegation that defendant Mitchell, a privately retained attorney, was acting under color of law the claims against him shall be dismissed. Privately retained attorneys do not act under color of state law even if they are appointed by the court. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-

56 (4th Cir. 1980).   A separate Order follows.

_9/27/16_
Date

_/s/ J. Frederick Motz_
J. Frederick Motz
United States District Judge